UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHERINE VILLENA,<br><br>                   Plaintiff,<br><br>  v.<br><br>BLOOMINGDALE'S, LLC,<br><br>                   Defendant. | Case No. 25-cv-0699-BAS-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEYS' FEES (ECF No. 3)** |

      Before the Court is Plaintiff Catherine Villena's motion to remand this action to state court ("Motion"). (Mot., ECF No. 3-1.) Defendant Bloomingdale's, LLC removed this action based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(b). (Notice of Removal ¶ 12, ECF No. 1.) Plaintiff argues that remand is appropriate because removal was untimely. (Mot. 7:22–10:4.) Plaintiff also argues that awarding attorneys' fees is justified because Defendant had no objective basis for removal. (*Id.* 10:24–11:22.) Defendant opposes both arguments. (Opp'n, ECF No. 6.)

      The Motion is suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand, but **DENIES** Plaintiff's Request for Attorneys' Fees.

## I. BACKGROUND

In December 2021, Plaintiff fell and broke her foot while going down an escalator in a Bloomingdale's store in San Diego. (First Am. Compl. ("FAC") ¶ 1, ECF No. 1-2.) Two years later, Plaintiff commenced this action in the San Diego County Superior Court. (Notice of Removal ¶ 1.) She then filed her First Amended Complaint in May 2024 and served it in September 2024.[1] (*Id.* ¶¶ 2–3.) In her amended complaint, Plaintiff alleges damages "in a sum according to proof but no less than $94,000 as of the date of this Complaint." (FAC ¶ 18.) Defendant filed its Answer in October 2024. (Notice of Removal ¶ 4.)

After filing its Answer, Defendant served its first set of written discovery requests. (*Id.* ¶ 5.) Plaintiff's responses were due on November 26, 2024. (*Id.*) She requested extensions to her responses, until she served them on February 10, 2025. (*Id.* ¶¶ 6–11). Plaintiff included her Statement of Damages within these responses, seeking approximately $1.5 million. (Notice of Removal Ex. H ("Statement of Damages"), at 8, ECF No. 1-9.) On February 20, 2025, Defendant requested that Plaintiff supplement her discovery responses by February 27, 2025. (Casolari Decl. ¶ 13, ECF No. 6.) Plaintiff failed to do so, and Defendant subsequently removed the case on March 25, 2025. (*Id.* ¶¶ 14–15.)

Defendant alleges diversity jurisdiction as the grounds for removal. (Notice of Removal ¶ 12.) Defendant states that diversity jurisdiction exists because Plaintiff is a citizen of California and Defendant is a citizen of Ohio and New York,[2] and that based on

---

[1] There is an inconsistency as to when Plaintiff served her amended complaint. Defendant's Notice of Removal states that Plaintiff served her amended complaint on August 13, 2024, but its Opposition—as well as Plaintiff's Motion and Reply—state that she served it on September 20, 2024. (Notice of Removal ¶ 3; Opp'n 2:14–16; Mot. 5:17–19; Reply 2:4–5.) Although the difference in dates does not affect the outcome of this Order, for consistency, the Court assumes that Plaintiff served her amended complaint on September 20, 2024.

[2] While Defendant states that diversity jurisdiction exists, district courts have a *sua sponte* duty to confirm subject-matter jurisdiction. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 593 (2004). "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir.

Plaintiff's Statement of Damages, the amount in controversy exceeds $75,000. (*Id.* ¶¶ 12, 16–17, 19.) Plaintiff moves to remand this action to state court.

## II. LEGAL STANDARD

A defendant may remove a civil action from state court to federal court. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (citation omitted). Removal is proper when the federal courts have original jurisdiction over the state court action. 28 U.S.C. § 1441(a). One basis for original jurisdiction is diversity jurisdiction, which is established when all plaintiffs are of different citizenship from all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"A motion to remand is the proper procedure for challenging removal." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "[A] timely objection to a late petition will defeat removal . . . ." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

## III. ANALYSIS

Plaintiff moves to remand on the grounds that Defendant's removal was untimely because Defendant removed more than thirty days after Plaintiff served the amended

---

2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). An LLC's citizenship is defined by the citizenship of its owners or members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

According to the Notice of Removal, Plaintiff is a citizen of California, so to invoke diversity jurisdiction, Defendant must allege that its members are citizens of a state besides California. (Notice of Removal ¶ 16.) *See Grancare*, 889 F.3d at 548. Defendant alleges its citizenship as if it were a corporation—by its state of incorporation and principal place of business—but does not allege the citizenship of any of its members. (Notice of Removal ¶ 17.) Defendant's citizenship is therefore unknown, and complete diversity is lacking. *See Grancare*, 889 F.3d at 548. This defect could likely be cured through amendment, but the Court does not reach that possibility because remand is necessary on different grounds.

complaint and more than thirty days after Plaintiff served discovery responses. (Mot. 8:21–24.) Plaintiff argues that Defendant was notified of this case's removability when she served the amended complaint on September 20, 2024, thus making removal on March 25, 2025, untimely. (*Id.* 7:22–10:4.) Defendant argues that it was not notified until February 10, 2025, when Plaintiff served her verified discovery responses. (Opp'n 6:9–13.) Defendant additionally argues that it was justified in removing more than thirty days after February 10. (*Id.* 7:3–5.)

The parties agree that the amount in controversy is satisfied. (Mot. 6:6–7; Opp'n 4:2–4.) Thus, the Court focuses on the timeliness of removal.

### A. Timeliness of Removal

A defendant must remove a case within thirty days of receiving the initial pleading if that pleading reveals the case is removable. 28 U.S.C. § 1446(b)(1). If the initial pleading does not reveal that the case is removable, the defendant must remove within thirty days of receiving an amended pleading or other paper that allows the defendant to ascertain the case's removability. *Id.* § 1446(b)(3). "If a defendant files a notice of removal after the time limit has run out, then removal is improper." *Mayes v. Am. Hallmark Ins. Co. of Tex.*, 114 F.4th 1077, 1078 (9th Cir. 2024).

"[T]he thirty day time period for removal . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 690–91 (9th Cir. 2005) (second alteration in original) (citation modified). If the initial pleading does not allege facts sufficient to establish federal court jurisdiction, then the thirty-day window for removal does not begin until the defendant receives "a copy of an amended pleading, motion, order or other paper" from which it can ascertain that the case is removable. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006) (quoting 28 U.S.C. § 1446(b)).

Here, the timeliness of the removal turns on when Defendant could have ascertained that the amount in controversy exceeded the jurisdictional minimum. *See* 28 U.S.C. §§ 1332(a), 1446(b)(3).

### 1. Notice of Removability

At issue is what documents gave sufficient notice of removability, and when those documents established Defendant's deadline to remove. A document is sufficient notice under § 1446(b)(3) if removability can be ascertained "from the face of the document." *Harris*, 425 F.3d at 694. "A clear statement of the damages sought," a "paper setting forth sufficient facts from which the amount in controversy can easily be ascertained by the defendant by simple calculation," or "a paper that explicitly specifies the amount of monetary damages sought" can all give sufficient notice of removability. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093–94 (9th Cir. 2021) (citations modified) (collecting and approving examples of documents that give notice of removability in other circuits). Removal is timely if a defendant removes within thirty days of receiving such a document. 28 U.S.C. § 1446(b)(3).

Defendant could have ascertained this case's removability at two times in the litigation: (1) when it received the amended complaint, and (2) when it received Plaintiff's Statement of Damages. *See* 28 U.S.C. § 1446(b)(3). The Court addresses each in turn.

### a. Receipt of the First Amended Complaint

The first issue that the parties dispute is whether Plaintiff's amended complaint put Defendant on notice of the case's removability. (Mot. 7:23–8:24; Opp'n 5:4–27.) An amended pleading, like a complaint, can give a defendant notice of removability. 28 U.S.C. § 1446(b)(3); *see also Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018). Thus, if a defendant receives an amended complaint that allows it to ascertain the case's removability, then the thirty-day window to remove begins on the date of receipt. 28 U.S.C. § 1446(b)(3).

The Court first turns to the face of Plaintiff's amended complaint. *See Harris*, 425 F.3d at 694. Plaintiff's amended complaint "explicitly specifies the amount of monetary

damages sought" because she alleges damages of "no less than $94,000." (FAC ¶ 18.) *See Dietrich*, 14 F.4th at 1093. The four corners of the amended complaint affirmatively reveal the basis for diversity jurisdiction because Plaintiff's allegation of damages establishes the amount in controversy, which exceeds the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a); *Harris*, 425 F.3d at 690–91. The amended complaint therefore is sufficient notice of removability under § 1446(b)(3). *See Kenny*, 881 F.3d at 791. Because Plaintiff served the amended complaint on September 20, 2024, Defendant had notice of this case's removability on the same day. (*See supra* note 1.) *See* 28 U.S.C. § 1446(b)(3). The latest date that Defendant could have removed this case, based on receipt of Plaintiff's amended complaint, was October 21, 2024. *See* 28 U.S.C. § 1446(b)(3); *see also* Fed. R. Civ. P. 6(a). Accordingly, Defendant's removal on March 25, 2025, was untimely.

Defendant argues that it had "no obligation to infer removability" from Plaintiff's amended complaint because it was unverified and thus insufficient notice of removability under § 1446(b)(3). (Opp'n 5:6–12.) However, neither § 1446(b)(3) nor Ninth Circuit precedent requires a document to be verified before it can be accepted as providing notice of removability. *See, e.g.*, *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974–75 (9th Cir. 2006) (settlement letter); *Kuxhausen*, 707 F.3d at 1141–42 (demand letter); *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (letter from the plaintiff stating his subjective valuation of his trademark). Similarly, Plaintiff's unverified amended complaint gave Defendant sufficient notice of the case's removability because it notified Defendant of the amount in controversy. (FAC ¶ 18.) Therefore, Defendant's argument that Plaintiff's amended complaint did not give it notice of this case's removability is unpersuasive.

Further, Defendant cites three cases to support its argument, but none are helpful because they discuss the burden that a defendant must meet when a plaintiff does not

sufficiently allege facts necessary to establish federal jurisdiction in the complaint. (Opp'n 5:13–27.)

Defendant first cites *Matheson v. Progressive Specialty Insurance Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). Defendant argues that Plaintiff made "conclusory allegations" as to the amount in controversy, and thus, it was not obligated to remove until those allegations were substantiated. (Opp'n 5:13–19.) However, the "conclusory allegations" in *Matheson* refer to the facts that defendants allege in their notices of removal to establish federal jurisdiction, not the plaintiff's claimed damages. *See Matheson*, 319 F.3d at 1090–91 ("Conclusory allegations as to the amount in controversy are insufficient."). *Matheson* discusses the burden of establishing federal jurisdiction for defendants who want to remove a case but cannot do so because the pleading does not sufficiently allege the amount in controversy. *See id.* ("Where it is not facially evident from the complaint that more than $75,000 is in controversy . . . ."). Since it is facially evident from the amended complaint that at least $94,000 is in controversy, *Matheson* does not help Defendant. (FAC ¶ 18.)

Defendant next cites *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008), to support that Defendant is not "obligated to research, state, and prove the plaintiff's claim for damages." (Opp'n 5:20–22.) *Korn* clarifies that if a plaintiff does not sufficiently allege facts that allow defendants to ascertain a case's removability, then the defendants must demonstrate by a preponderance of the evidence that federal jurisdiction exists. 536 F. Supp. 2d at 1204–05. *Korn* states that this burden is not daunting, and a defendant is not required "to 'research, state, and prove the plaintiff's claims for damages.'" *Id.* at 1205 (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)). Defendant's reliance on *Korn* is misguided because Plaintiff alleges the amount in controversy in her amended complaint, allowing Defendant to ascertain this case's removability from the pleading alone. (FAC ¶ 18.) *Korn* therefore does not apply.

Defendant finally cites *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013), to argue that Plaintiff's amended complaint is an

"indeterminate pleading" from which Defendant cannot ascertain removability. (Opp'n 5:22–27.) *Kuxhausen* defines an indeterminate pleading as one where the elements required to establish federal jurisdiction are unclear or ambiguous. 707 F.3d at 1139. Here, the amount in controversy, an element required to establish federal jurisdiction, is affirmatively revealed in the amended complaint. (FAC ¶ 18.) Hence, like the cases above, *Kuxhausen* does not support Defendant's position.

In sum, Plaintiff's amended complaint is sufficient notice of removability under § 1446(b)(3) because it affirmatively reveals that the amount in controversy exceeds $75,000, one of the facts necessary to establish diversity jurisdiction. Because Plaintiff served her amended complaint in September 2024, Defendant's removal more than five months later was untimely. *See* 28 U.S.C. § 1446(b)(3).

### b. Receipt of Plaintiff's Statement of Damages

The second issue that the parties dispute is when Plaintiff's Statement of Damages put Defendant on notice of this case's removability. (Mot. 9:24–10:4; Opp'n 6:23–7:2.) "Information relating to the amount in controversy . . . in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." 28 U.S.C. § 1446(c)(3)(A) (citation modified). Thus, if a defendant receives a document in response to discovery requests, and that document relates to the amount in controversy, then the thirty-day window to remove begins on the date of receipt. *See* 28 U.S.C. § 1446(b)(3), (c)(3)(A).

The Court accordingly turns to the face of Plaintiff's Statement of Damages, which she included with her discovery responses. *See Harris*, 425 F.3d at 694. In this document, Plaintiff seeks over $1.5 million. (Statement of Damages 8.) Defendant thus had sufficient notice of this case's removability because it received a "clear statement of the damages sought," and that statement relates to the amount in controversy. *See Dietrich*, 14 F.4th at 1093; 28 U.S.C. § 1446(b)(3), (c)(3)(A). Because Defendant received Plaintiff's Statement of Damages on February 10, it had notice of this case's removability on the same day. (Notice of Removal ¶ 11.) *See* 28 U.S.C. § 1446(b)(3). Thus, the latest date that Defendant could have removed this case, based on receiving Plaintiff's Statement of Damages, was

March 12, 2025. *See* 28 U.S.C. § 1446(b)(3). Accordingly, Defendant's removal on March 25, 2025, was untimely.

Defendant makes two arguments as to why removal was appropriate regardless. First, Defendant states that although it received Plaintiff's Statement of Damages on February 10, it did not "have a meaningful opportunity" to evaluate it until February 20, when it then requested that Plaintiff supplement her discovery responses by February 27. (Opp'n 11:25–12:9.) Defendant argues that removal on March 25 was timely because it removed within thirty days of February 27. (*Id.* 6:28–7:2.)

The deadline for removal is thirty days after receiving a document that gives notice of removability, not thirty days after an attorney finds the time to evaluate that document. *See* 28 U.S.C. § 1446(b)(3). Defendant received Plaintiff's Statement of Damages on February 10; therefore, its window to remove started on February 10, not February 27. *See id.* Because Defendant had all the information it needed to remove when it received Plaintiff's responses on February 10, Defendant's argument that its window to remove did not start until February 27 is unpersuasive.[3]

Second, Defendant argues that this case should remain in federal court because it acted reasonably and justifiably. (Opp'n 7:3–5.) However, district courts consistently find that removal is untimely when defendants remove more than thirty days after receiving discovery responses revealing a case's removability. *See, e.g.*, *Karlbom v. EDS*, No. 13CV2996-WQH-DHB, 2014 WL 1600490, at *3–4 (S.D. Cal. Apr. 17, 2014); *Biane v. Universal City Studios, LLC*, No. 2:25-CV-01271-AB-PD, 2025 WL 1419871, at *3 (C.D. Cal. May 16, 2025). Defendant acknowledges that it removed more than thirty days after receiving Plaintiff's discovery responses but cites no authority stating that a court may

---

[3] Defendant's argument is premised on the allegation that its delay in removing was due to Plaintiff failing to provide supplemented responses by February 27. (Opp'n 11:25–12:12.) However, Defendant filed its Notice of Removal without the supplemented responses that it requested. (*See* Notice of Removal ¶ 11 ("On February 10, 2025 . . . Bloomingdale's ascertained that the case is one which is removable due to the amount of damages."); Opp'n 6:24–27 ("[H]aving determined based on the verified discovery responses already in hand that the amount in controversy more likely than not exceeded $75,000, Defendant promptly filed its Notice of Removal.").)

extend a defendant's deadline to remove if there is good reason or justification to do so. (Opp'n 7:3–5.) And even if the Court did have that authority, it would not find good cause exists here. Therefore, because Defendant removed more than thirty days after receiving discovery responses, its argument that this case should remain in federal court is unpersuasive.

Overall, Defendant could have removed this case at two times: (1) when it received the amended complaint, and (2) when it received Plaintiff's discovery responses. Defendant's removal was untimely under § 1446(b)(3) regardless of whether its thirty-day window to remove started when it received the amended complaint or when it received Plaintiff's Statement of Damages in her discovery responses.

### 2.     Time Limit to Remove on Diversity Grounds

Though Plaintiff focuses primarily on the timeliness of removal under § 1446(b)(3), the Court notes that defendants removing on diversity grounds are subject to another deadline. These defendants must remove within one year of the action commencing in state court unless the district court finds that the plaintiff acted in bad faith to prevent the defendant from removing. 28 U.S.C. § 1446(c)(1). The forum state's laws determine when an action commences. *Casola v. Dexcom, Inc.*, 98 F.4th 947, 955 (9th Cir. 2024). In California, an action commences on the date the complaint is filed. Cal. Civ. Proc. Code § 350.

Since Defendant removed on diversity grounds, it is subject to the deadline in § 1446(c)(1). (Notice of Removal ¶ 12.) Plaintiff filed her initial complaint in state court on December 26, 2023; this action therefore commenced on the same day. (*Id.* ¶ 1.) *See Casola*, 98 F.4th at 955. Defendant does not allege that Plaintiff acted in bad faith to prevent removal. Accordingly, Defendant's deadline to remove on diversity grounds was December 26, 2024, but it did not remove until March 25, 2025; therefore, removal was untimely. *See* 28 U.S.C. § 1446(c)(1).

Under the deadlines set out in § 1446(b)(3) and (c)(1), Defendant's removal was untimely. Because Plaintiff objected within thirty days of removal, (*see* Mot.), remand is appropriate. *See* 28 U.S.C. § 1447(c); *Fristoe*, 615 F.2d at 1212.

### B. Attorneys' Fees

As part of her request for remand, Plaintiff asks the Court to award attorneys' fees and costs under 28 U.S.C. § 1447(c). (Mot. 10:24–11:22.) "[A]n award of fees under § 1447(c) is left to the district court's discretion . . . ." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. "Removal is not objectively unreasonable solely because the removing party's arguments lack merit." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). A defendant's removal is unreasonable if the relevant law clearly forecloses the basis for removal. *Id.* at 1066. In awarding fees, courts "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140.

The Court, in its discretion, declines to award attorneys' fees here. Defendant's untimely removal was not clearly foreclosed by law because Plaintiff could have waived her objection to the removal. *See Blumberger v. Tilley*, 115 F.4th 1113, 1124 (9th Cir. 2024) ("The time limit in § 1446 is merely a formal and modal requirement and is not jurisdictional." (citation omitted)); *see also Finegold v. Sprouts Farmers Mkt., Inc.*, No. 21-cv-00130-BAS-JLB, 2021 WL 2201359, at *1 n.2 (S.D. Cal. June 1, 2021) ("[T]imeliness concerns [under § 1446(c)] have been waived because Plaintiff did not move to remand the action."); *Blaker v. Credit One Bank, N.A.*, No. 18-CV-2108-CAB-JMA, 2018 WL 5307470, at *4 (S.D. Cal. Oct. 26, 2018) (holding that the defendant's removal on the basis of diversity jurisdiction was not objectively unreasonable because the court's jurisdiction was undisputed and the case could have remained in federal court if the plaintiff had not

moved to remand); *cf. Midway Plaza LP v. Zatarain*, No. 22-CV-90 JLS (JLB), 2022 WL 1026720, at *4 (S.D. Cal. Apr. 6, 2022) (concluding that a defendant who removed when there was neither federal question nor diversity jurisdiction had "no objective basis" for removal).

Further, it is not objectively clear that Defendant sought removal to prolong litigation and impose costs on the opposing party. *See Martin*, 546 U.S. at 140. Although Defendant missed multiple removal deadlines, its actions were not so patently unreasonable as to clearly indicate a desire to prolong litigation and impose costs on Plaintiff. *Cf. Hill v. Takeda Pharms. N. Am., Inc.*, No. C 11-05637 WHA, 2012 WL 174815, at *3 (N.D. Cal. Jan. 20, 2012) (concluding that removing defendant's purpose was to prolong litigation and impose costs on the opposing party when it alleged fraudulent joinder but admitted that joined defendant was involved in the issue underlying the litigation); *Dreisbach Enters., Inc. v. Pac. Coast Container, Inc.*, No. 24-CV-07592-JSC, 2024 WL 5186846, at *4 (N.D. Cal. Dec. 19, 2024) (concluding same when defendant removed six years after state court proceedings commenced and after a five-day bench trial).

In sum, the Court is unpersuaded that Defendant's removal was clearly foreclosed by law or undertaken to prolong this litigation and impose costs on Plaintiff. Thus, Plaintiff's request for attorneys' fees is denied.

## IV. CONCLUSION

For the foregoing reasons, remand is appropriate, but an award of attorneys' fees and costs is not. Consequently, the Court **GRANTS** Plaintiff's Motion to Remand, but **DENIES** the Request for Attorneys' Fees (ECF No. 3). The Court **REMANDS** this action to the San Diego County Superior Court.

**IT IS SO ORDERED.**

**DATED: July 29, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court